# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM H. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:19-cv-2427-JPM-tmp |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE; CLAY | ) | |
| BRIGHT, CURRENT COMMISSIONER | ) | |
| OF TENNESSEE DEPARTMENT OF | ) | |
| TRANSPORTATION, in his official | ) | |
| capacity; JOHN SCHROER, FORMER | ) | |
| COMMISSIONER OF TENNESSEE | ) | |
| DEPARTMENT OF TRANSPORTATION, | ) | |
| in his individual capacity; JOHN | ) | |
| REINBOLD, in his individual capacity; | ) | |
| PATTI BOWLAN, in her individual | ) | |
| capacity; and SHAWN BIBLE, in her | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' July 26, 2019 Motion to Dismiss. (ECF No. 12.) Defendants move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Plaintiff William Thomas's claims for failure to state a plausible claim for relief. (Id. at PageID 93.) Defendants argue that Plaintiff's claims should be dismissed for some, if not all, of the following reasons: (1) that Plaintiff's claims are time-barred by the applicable statute of limitations; (2) that res judicata bars Plaintiff's claims; (3) that Defendants are entitled to qualified immunity; (4) that the Rooker-Feldman doctrine bars the Court from granting Plaintiff's requested relief; and (5) that the Supreme Court's interpretation of the limits imposed

on Article III courts by the Eleventh Amendment in <u>Pennhurst State School v. Halderman</u>, 465 U.S. 89 (1984), bars the Court from ruling on some of Plaintiff's claims. (Memorandum of Law, ECF No. 13.)

Plaintiff filed his Response to Defendants' Motion to Dismiss on August 26, 2019. (ECF No. 16.) Plaintiff argues that his claims are not time-barred because the Tennessee Court of Appeals refused to remedy Defendants' alleged violations of Thomas's constitutional rights as late as Spring of 2019. (<u>See id.</u> ¶¶ 12–14; <u>see also</u> Complaint, ECF No. 1 ¶¶ 25, 45.) Plaintiff argues that the decisions of the Tennessee Court of Appeals are unconstitutional. (Response, ECF No. 16 at PageID 153.) Plaintiff also asserts that his claims are timely because Defendants' actions in connection with Thomas's ongoing state proceedings constitute a "conspiracy between the Defendants and their Counsel herein" to violate Plaintiff's constitutional rights. (<u>Id.</u> ¶ 18.) Plaintiff also argues that his claims are not time-barred because of the Supreme Court's decision in <u>American Pipe and Construction Co. v. Utah</u>, 414 U.S. 538 (1974), and because Defendants waived their affirmative defense in Thomas's ongoing bankruptcy proceedings. (<u>Id.</u> ¶¶ 16–17.)

For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

I.      **BACKGROUND**

        A.      **Factual and Procedural Background**

Plaintiff filed the instant action on July 5, 2019. (ECF No. 1.) Plaintiff brings this action under 42 U.S.C. § 1983, asserting that various actions by Defendants Clay Bright, John Schroer, John Reinbold, Patti Bowlan, and Shawn Bible[1] violated his First Amendment rights, violated

---

[1] Defendant Clay Bright is the current commissioner of the Tennessee Department of Transportation. (ECF No. 1 ¶ 2.) Defendant John Schroer is the former commissioner of the Tennessee Department of Transportation. (<u>Id.</u> ¶ 3.) Defendants John Reinbold, Patti Bowlan, and Shawn Bible are employees of the Tennessee Department of Transportation. (<u>Id.</u> ¶¶ 4–6.)

the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and violated the Takings Clause of the Fifth Amendment. (Id. ¶ 8, PageID 15.)

The events underlying these alleged constitutional violations were the subject of a 2013 case before this Court, Thomas v. Schroer, Case No. 2:13-cv-02987. (Id.) That case involved allegations that various Tennessee state officials (several of whom are currently named as defendants in this case) violated both Plaintiff's First Amendment rights and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (Case No. 13-2987, Complaint, ECF No. 1.) Plaintiff's 2013 action alleged that the Tennessee Department of Transportation and its employees engaged in the "selective and vindictive enforcement" of the Tennessee Billboard Act and provisions of Tennessee code governing zoning restrictions, and that these officials unlawfully removed billboards from several of Thomas's Shelby and Fayette County, Tennessee properties. (See, Amended Complaint, ECF No. 45 ¶¶ 30, 33, 35–36, 45–47.) This Court found that the Tennessee Billboard Act is unconstitutional on grounds that the Act was a content-based regulation of speech that was not narrowly tailored to achieve any government purpose. Thomas v. Schroer, 248 F. Supp. 3d 868, 894–95 (W.D. Tenn. 2017).

Plaintiff's Complaint also references the Tennessee state-court proceedings initiated by Thomas both before and after Thomas filed his 2013 federal case that addressed these same events. As far back as 2008, the Tennessee Chancery Court found that the Tennessee Department of Transportation violated Plaintiff's constitutional rights by "engaging in selective and vindictive action against [Plaintiff] Thomas" and by "engag[ing] in the use of legally biased advisors in proceedings involving Thomas . . . ." (Id. ¶ 11.) The Tennessee state court ordered Defendants to "challenge the zoning of a property owned or leased by Thomas known as the Kate Bond property [through] a Court action and not [through] an administrative proceeding."

(Id. ¶ 11.)  In 2010, the Tennessee Court of Appeals reversed the Chancery Court's decision, finding that the court lacked subject matter jurisdiction over Thomas's claims.  See State ex rel Comm'r of Dep't of Transp. v. Thomas, 336 S.W.3d 558 (Tenn. Ct. App. 2010).  (Id. ¶ 12.) According to Thomas, following the Court of Appeals' decision Defendants attempted to remove the billboards located on Plaintiff's Crossroad Ford, Kate Bond Road, and Perkins Road properties located in Fayette and Shelby Counties, Tennessee.  (Id. ¶ 13, 15.)  On remand, the Tennessee Chancery Court found that these actions violated both federal and state law.  (Id. ¶ 14.)  On December 11, 2014, the Tennessee Court of Appeals once again reversed the Chancery Court's decision.  (Id. ¶ 16.)  The Court of Appeals found that the Chancery Court lacked subject matter jurisdiction to hear Plaintiff's claims and further required Plaintiff to comply with the provisions of the Tennessee Billboard Act.  (Id.)

Plaintiff alleges that shortly after the Court entered its order finding the Billboard Act unconstitutional, see supra, he filed a motion for judgment consistent with this Court's ruling in the Tennessee Chancery Court.  (Id. ¶ 17.)  On July 16, 2018, the Chancery Court granted Plaintiff's motion and issued a permanent injunction against the Tennessee Department of Transportation to prevent it from enforcing the Tennessee Billboard Act.  (ECF No. 1 ¶¶ 18–22.) The Tennessee Department of Transportation filed an application for extraordinary appeal of the Chancery Court's ruling with the Tennessee Court of Appeals.  (Id. ¶ 23.)  On April 15, 2019, the Tennessee Court of Appeals once again reversed the Chancery Court's decision, finding that the lower court improperly relied on this Court's opinion and that the court lacked subject matter jurisdiction over Thomas's case.  (Id. ¶¶ 23–26.)

Thomas asserts that the Tennessee Court of Appeals' repeated refusal to hear his case has left him with no choice but to "pursue those claims in the United States District Court [for the

Western District of Tennessee.]"  (Id. ¶¶ 10–11.)  Plaintiff alleges that the Tennessee Department

of Transportation and its employees have continued to violate Plaintiff's constitutional rights in

connection with events that occurred before and during the various state-court proceedings.  (Id.

¶¶ 28–29.)

**B.  Plaintiff's Claims**

Plaintiff asserts several claims against Defendants.  First, Plaintiff claims that Defendants

engaged in the "selective and vindictive enforcement" of provisions of Tennessee code and

Tennessee Department of Transportation regulations and employed "legally biased advisors" in

violation of Plaintiff's First Amendment rights and the Due Process and Equal Protection clauses

of the Fourteenth Amendment.  (Id. ¶ 33; see also Exhibit B, ECF No. 1-4.)  Second, Plaintiff

claims that the removal of the "billboard structures in Shelby and Fayette Counties" violated his

constitutional rights.  (Id. ¶ 33.)  Third, Plaintiff claims that Defendants' "refusal to challenge the

zoning of properties in court" with respect to his Steve Road billboards, in light of the Tennessee

Chancery Court's 2008 order (attached as Exhibit B to his Complaint) violated his constitutional

rights.  (Id.)  Fourth, Plaintiff claims that the State of Tennessee violated his "constitutional

rights of due process and equal protection . . . arising from the Defendants['] refusal to enforce

and follow its own rules and regulations under the Tennessee Billboard Act as to Clear Channel

Outdoor, Inc.," and by continuing to challenge the decisions of the Tennessee Chancery Court.

(Id. ¶¶ 34–35.)  Fifth, Plaintiff claims that the State's inverse condemnation actions against his

Kate Bond Road, Perkins Road, and Fayette County billboards violated the Takings Clause of

the Fifth Amendment.  (Id. at PageID 16.)

Plaintiff requests that this Court issue: (1) a declaration finding that Defendants violated

his First Amendment right to free speech; (2) a declaration that Defendants' alleged actions

violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment; (3) an order requiring that Defendants compensate Plaintiff for the State's unlawful seizure of his Kate Bond Road, Perkins Road, and Fayette County billboards, and finding that the Defendants' seizure of these billboards violated the Takings Clause of the Fifth Amendment; (4) a declaration finding that Defendants failed to comply with and enforce Tennessee state zoning laws and an order requiring that Defendants rebuild Thomas's billboards; (5) an award of punitive damages and compensatory damages; (6) attorney's fees and costs; and (7) any other relief deemed appropriate by the Court. (Id. at PageID 15–16.)

Plaintiff has filed several motions since the Defendants filed their Rule 12(b)(6) Motion to Dismiss on July 26, 2019. (ECF No. 12.) Plaintiff filed his motion to disqualify defense counsel on August 25, 2019 and filed a motion for leave to file an amended complaint to add additional defendants.[2] (ECF No. 19.) Plaintiff subsequently filed two additional motions for leave to amend his complaint as well as a motion for partial summary judgment. (ECF Nos. 24, 30, 38.) Plaintiff has also filed motions to compel discovery and to request Rule 36 admissions. (ECF Nos. 39, 40.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant

---

[2] Plaintiff's Motion for Leave to File an Amended Complaint seeks to add additional defendants to the lawsuit. (ECF No. 19.) Namely, Plaintiff seeks to add as defendants Tennessee state attorneys on the grounds that these new defendants are also engaged in an ongoing conspiracy to violate Plaintiff's constitutional rights. (ECF No. 19.) Plaintiff supports his Motion by referring to certain interactions he has had with staff attorneys for the Tennessee Attorney General's office in connection with his ongoing bankruptcy proceedings. (Id. at PageID 176; see also Motion to Disqualify, ECF No. 14.) Although Federal Rule of Civil Procedure 15(a)(2) requires the Court to "freely give leave [to amend] when justice so requires," Courts are not required to do so, and may decline to grant leave to amend, when such an amendment would be futile. See Knight Capital Partners Corp. v. Henkel AG & Co., 930 F.3d 775, 786 (6th Cir. 2019). Allowing Plaintiff to amend his Complaint to add additional defendants as alleged coconspirators would be futile. See infra Sec. III. Therefore, the Court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint.

to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd 481 F. App'x 252 (6th Cir. 2012).

Assessing the facial sufficiency of a complaint ordinarily must be undertaken without resort to matters outside the pleadings. Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104

(6th Cir. 2010). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); see also Koubriti v. Convertino, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Ctr., 508 F.3d at 335–36. When evaluating a motion to dismiss, the Court may also take judicial notice of pertinent matters of public record, including bankruptcy filings. Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1040 n.5 (W.D. Tenn. 2003).

## III.    DISCUSSION

Defendants assert several arguments in support of their Rule 12(b)(6) Motion to Dismiss. Defendants construe Plaintiff's Complaint to allege five distinct constitutional claims: (1) that Defendants allegedly engaged in the "selective and vindictive enforcement and the use of legally biased advisors," as Plaintiff previously asserted in his related 2008 state-court proceedings; (2) that Defendants violated Plaintiffs' First Amendment rights by removing the billboard structures located in Shelby and Fayette Counties, specifically Plaintiff's "Kate Bond, Perkins Road, and Fayette County billboards"; (3) that Defendants denied Thomas's Steve Road billboard permit application because they "[refused] to challenge the zoning of properties in court"; (4) that "[Defendants'] alleged failure to follow its own Rules and Regulations as to Clear Channel Outdoor, Inc.," whose permits the Tennessee Department of Transportation allegedly refused to terminate after Clear Channel Outdoor, Inc. failed to build the permitted structures within 180-days, violated Due Process and Equal Protection; and (5) that the inverse condemnation actions

brought by the State against the above-referenced billboards violated the Takings Clause of the Fifth Amendment. (ECF No. 13 at PageID 97.)

As to Claim (1), Defendants assert that the applicable one-year statute of limitations for § 1983 actions bars Plaintiff's claim, as the state-court proceedings occurred at least ten years before Plaintiff's filing of the instant Complaint. (Id. at PageID 99–100.) As to Claim (2), Defendants argue that: (a) "*res judicata* precludes any claims pertaining to the removal of the Kate Bond, Perkins Road, and Fayette County signs"; (b) that the claim is time-barred; and (c) that Defendants are entitled to qualified immunity or quasi-judicial immunity. (Id. at PageID 100–02.) As to Claim (3), Defendants assert that the claims relating to the Tennessee Department of Transportation's review of permits for the Steve Road billboards are also time-barred, as the events giving rise to these claims took place in 2006. (Id. at 102.) Defendants additionally assert that res judicata bars such claims, as this Court previously found that Defendants were entitled to qualified immunity in connection with these claims. (Id. at PageID 102–03.) Defendants further assert that, to the extent Plaintiff Thomas is attempting to challenge the findings of the Tennessee Court of Appeals in connection with his billboards, the Rooker-Feldman doctrine bars Plaintiff's claims because Plaintiff seeks to relitigate the merits of the Tennessee Court of Appeals' decisions. (Id. at PageID 103–04.) Defendants also contend that the Supreme Court's decision in Pennhurst prevents the Court from finding that Tennessee violated state zoning laws and issuing an order requiring Tennessee state officials to enforce state zoning laws. (Id.) As to Claim (4), Defendants assert that any claims arising out of the Tennessee Department of Transportation's permitting of Clear Channel's billboards are time-barred. (Id. at PageID 104.) Finally, Defendants argue that Plaintiff's Fifth Amendment takings claim (referenced above as Claim (5)) is time-barred, despite the Supreme Court's recent holding

in Knick v. Township of Scott, 139 S. Ct. 2162 (2019), which allows Fifth Amendment Takings Clause claims brought under § 1983 to proceed in federal court without requiring the plaintiff to first exhaust his state administrative remedies.  (Id.)

Plaintiff's Response appears to assert additional claims beyond those set forth in his Complaint.  (ECF No. 16.)  Plaintiff asserts that defense counsel should be disqualified from the case because they and Defendants have "engaged in collective and concerted actions . . . to violate the federal constitutional rights of the [Plaintiff's] due process and equal protection [rights]."  (Id. ¶¶ 3–4.)  Plaintiff further asserts that the Court may still consider Plaintiff's § 1983 claims despite the Tennessee state courts and this Court's prior rulings on these issues. (Id. ¶ 5.)  Plaintiff asserts what the Court construes to be his claim that Defendants' actions violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*  (Id. ¶ 6.)  The Court also construes Plaintiff's Response to assert that the Tennessee state-court decisions themselves violate the U.S. Constitution; Plaintiff requests that this Court find that the Tennessee Court of Appeals' decisions violated full faith and credit and the Supremacy Clause.  (See Id. ¶¶ 9–14.)

Plaintiff asserts that his § 1983 claims are also not time-barred because he has timely refiled his claims within a year of the Tennessee Court of Appeal's most recent dismissal of his claims.  (Id. ¶¶ 15–16.)  Plaintiff relies on the Supreme Court's decision in American Pipe Constr. Co. v. Utah, 414 U.S. 538 (1974), to support this contention.  (Id.)  Thomas also asserts that Defendants waived their statute of limitations defense in his related bankruptcy proceeding. (Id. ¶ 17.)  Plaintiff finally contends that Defendants and the State of Tennessee are engaged in an ongoing conspiracy to deprive him of his constitutional rights, rendering his current claims timely under a continuing violation theory.  (Id. ¶ 18.)

Defendants' Reply provides several arguments in response to Plaintiff's contentions. First, Defendants argue that Plaintiff's quasi-<u>Younger</u> abstention argument (or what Defendants construe to be Plaintiff's <u>Younger</u> abstention argument) is inapplicable to Plaintiff's claims. (ECF No. 22 at PageID 183.) Second, Defendants contend that Plaintiff's reliance on <u>American Pipe</u> is misguided, as that case only involved the tolling of the statute of limitations in the context of Rule 23 class actions. (<u>Id.</u> at PageID 184.) Third, Defendants argue that the bankruptcy court proof of claim (<u>see</u> Exhibit A to Plaintiff's Response, ECF No. 16-1) has no bearing on this case or the validity of Defendants' statute of limitations defense. (<u>Id.</u>) Finally, Defendants argue that the "continuing violation" theory does not apply to constitutional claims under § 1983 outside the context of employment discrimination cases. (<u>Id.</u>)

The Court agrees with Defendants' characterization of Plaintiff's claims. <u>See</u> <u>supra</u> Sec. I.B. The Court will address each of Plaintiff's claims in turn.

### 1. Plaintiff's "selective and vindictive enforcement" claim is time-barred.

Federal statutes do not provide a statute of limitations for claims asserted under 42 U.S.C. § 1983. <u>Harnden v. St. Clair Cty.</u>, Nos. 18-1402/1404, 2018 WL 8018118, at *3 (6th Cir. Oct. 25, 2018). The length of the statute of limitations is determined by reference to the state statute of limitations for personal-injury torts. <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Under Tennessee law, a one-year statute of limitations applies to § 1983 claims alleging that a defendant's "selective and vindictive enforcement" of state law violates Fourteenth Amendment due process and equal protection. <u>Hughes v. Vanderbilt Univ.</u>, 215 F.3d 543, 547 (6th Cir. 2000); <u>see also</u> <u>Howell v. Farris</u>, 655 F. App'x 349, 351 (6th Cir. 2016); Tenn. Code Ann. § 28-3-104(a).

While state law governs the length of the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388; see also Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Eidson, 510 F.3d at 635. In determining the accrual date, courts look to "what event should have alerted the typical lay person to protect his or her right." Id. (quoting Kuhnle Bros., Inc. v. Cty. of Geauga, 103 F.3d 513, 520 (6th Cir. 1997)).

Plaintiff's claim that the Defendants' "selective and vindictive enforcement" of the Tennessee Billboard Statute violated the Fourteenth Amendment is time-barred. The 2008 state-court order, which memorializes these claims, was decided eleven years before the filing of Plaintiff's Complaint. (See ECF No. 1-4.) Plaintiff also attempted to amend his complaint in prior proceedings before this Court to include these same claims. (See Thomas v. Shroer, et al, Case No. 13-02987, ECF No. 234; compare Case No. 13-2987, ECF No. 223 with Case No. 19-2427, ECF No. 1-4 PageID 39.) Plaintiff, therefore, has long been aware of the need to protect his rights with respect to Defendant's "selective and vindictive enforcement" of the Tennessee Billboard Statute.

Plaintiff cannot rely on the Supreme Court's decision in American Pipe Construction v. Utah to support his argument that his claims are timely. (See ECF No. 16 at PageID 153.) American Pipe involved the "limited" issue of the interaction between Rule 23 of the Federal Rules of Civil Procedure and statutes of limitations. See 414 U.S. at 540. Plaintiff's case does not implicate this issue.

Plaintiff also cannot assert that his claims are timely under what the Court construes to be a continuing violation theory. (See Response, ECF No. 16 at PageID 154.) In general, the continuing violation concept only applies in the context of employment-discrimination cases, and the Sixth Circuit has been reluctant to extend its application to § 1983 claims. See Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir. 2003) ("This Circuit employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions."); see also LRL Properties v. Metro Hous. Auth., 55 F.3d 1097, 1106 n. 3 (6th Cir. 1995) (same).

Plaintiff has also failed to state a plausible § 1983 conspiracy claim, to the extent that Plaintiff asserts in his Complaint and his Motion to Disqualify Defense Counsel (ECF No. 14) that Defendants and the State of Tennessee have conspired to deprive him of his constitutional rights. (See, ECF No. 1 ¶¶ 38–44; see also ECF No. 14 at PageID 114.)

A claim must "offer more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Boxill v. O'Grady, 935 F.3d 510, 517 (6th Cir. 2019). A conspiracy claim under § 1983 requires proof of: (1) an agreement between two or more persons to commit or engage in unlawful actions; (2) a single plan or scheme; (3) that the alleged coconspirators shared a common conspiratorial objective; (4) that the alleged conspirators committed an overt act in furtherance of the conspiracy; and (5) that the act injured the plaintiff. Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003). Pro se complainants are generally held to less stringent pleading standards. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). However, Plaintiff's Complaint only offers conclusory statements supporting his claim that the State of Tennessee and its lawyers, including defense counsel, have engaged in a conspiracy to deprive Plaintiff of his constitutional rights by appealing the decisions of lower Tennessee courts. Plaintiff's Complaint does not allege specific facts plausibly supporting a finding that Defendants were and

continue to be engaged in a conspiracy to deprive him of his constitutional rights. See Boxill, 935 F.3d at 519 (finding that the plaintiff failed to state a § 1983 conspiracy claim because the plaintiff's complaint provided only conclusory statements supporting his assertion that the defendants were involved in conspiracy to suppress plaintiff's protected First Amendment complaints).

That Defendants did not raise the statute of limitations defense in Thomas's ongoing bankruptcy proceedings does not waive the defense. (See Proof of Claim, ECF No. 16-1.) The State of Tennessee's filing of a proof of claim in Thomas's ongoing bankruptcy proceedings has no bearing on this case, nor does this fact waive Defendants' statute-of-limitations defense in this case. See Hornton v. Potter, 369 F.3d 906, 911 (6th Cir. 2004) (finding that a state agency's investigation in a prior lawsuit that failed to raise an affirmative defense did not bar raising the new defense in a subsequent lawsuit between the parties).

In summary, Plaintiff's "selective and vindictive enforcement" claim cannot proceed. Any claims related to events memorialized in the 2008 Tennessee Chancery Court decision are time-barred.

## 2. Plaintiff's claims in connection with the removal of the Kate Bond Road, Perkins Road, and Fayette County billboards are time-barred.

Plaintiff's claims relating to his Kate Bond Road and Fayette County billboards are also time-barred. In 2015, the Court found that these claims were time-barred by the applicable one-year statute of limitations. See Commercial Money Ctr., 508 F.3d at 336 ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for

summary judgment."). (Case No. 13-2987, Order Granting Mot. To Dismiss, ECF No. 170 at PageID 2788–91.) The passage of time has not changed this finding.

Plaintiff's claims in connection with the removal of his Perkins Road billboard are also time-barred. Thomas previously alleged that Defendants removed the Perkins Road billboard in October of 2014. (See Case No. 13-2987, ECF No. 165 at PageID 2576.) Because Thomas was aware of his need to protect his constitutional rights as long ago as 2014, any constitutional claims arising out of the removal of his Perkins Road billboard are time-barred. See supra at Sec. III.1. (See Complaint, ECF No. 1 ¶¶ 13–16.)

Because these claims are time-barred, the Court need not address whether the doctrine of res judicata also bars these claims. (See Case No. 13-2987, ECF Nos. 170, 233.)

### 3. Plaintiff's claims arising out of the Steve Road billboard are time-barred, barred by the Rooker-Feldman Doctrine, and barred by the Eleventh Amendment.

Plaintiff's equal protection, due process, and First Amendment claims asserted in connection with the Tennessee Department of Transportation's denial of his Steve Road billboard applications, as discussed by the Tennessee Chancery Court's 2008 opinion, are time-barred. (See ECF No. 1, Prayer for Relief (3), PageID 16; see also ECF No. 1-4 at PageID 52–56, 65.) These events occurred years before the filing of Plaintiff's Complaint, and Plaintiff has been on notice of his need to protect his rights for over a decade, given that he has continued to assert these claims in his various state- and federal-court proceedings.

Plaintiff also seeks a declaration that "his applications to build signs at the property known as Steve Road were improperly denied because the Defendants failed to challenge the zoning of such property in a court as required [by the Tennessee state Chancery Court decision.]"

(Complaint, ECF No. 1 at PageID 16.)  Additionally, Plaintiff's Response suggests that he requests this Court find that the Tennessee Court of Appeals' decisions violated both the Supreme Court's First Amendment jurisprudence, the Supremacy Clause, and the statutory and constitutional requirements of full faith and credit.  (See ECF No. 16 at PageID 152–153.) Plaintiff's claims are flawed in two fundamental ways.

First, the Rooker-Feldman doctrine bars this Court from sitting in appellate review of decisions of the Tennessee Court of Appeals.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005).  The Rooker-Feldman doctrine prevents a district court from entertaining suits by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Id. at 284.  Although the doctrine bars plaintiffs from seeking lower federal court review of state-court decisions, courts have cautioned that it is a doctrine of limited application.  Id. at 283; see also VanderKodde v. Mary Jane M. Elliot, P.C., ---F.3d---, 2020 WL 913288, at *1 (6th Cir. 2020) (finding the plaintiffs' claim was not "the rare one that threads the Rooker-Feldman needle" (quoting Van Hoven v. Buckles & Buckles, P.L.C., 947 F.3d 889, 892 (6th Cir. 2020)).  Rooker-Feldman only applies to those situations where the state-court decision itself is the "'source of the injury' upon which plaintiff bases his federal claim." Kovacic v. Cuyahoga Cty. Dep't of Children and Family Servs., 606 F.3d 301, 309 (6th Cir. 2010) (citing McCormick v. Braverman, 451 F.3d 382, 394–95 (6th Cir. 2006)).  Rooker-Feldman does not apply simply because "the injury complained of is 'inextricably intertwined' with the state-court judgment."  Id.    The Sixth Circuit explained this difference as follows:

> The inquiry [focuses on] the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the Rooker–Feldman doctrine would prevent the district court from asserting jurisdiction. If

there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

Id. at 309 (quoting McCormick, 451 F.3d at 394–95.) The phrase "inextricably intertwined" "describe[s] a claim where the plaintiff asserted an injury from the state court judgment itself." McCormick, 451 F.3d at 394–95. "In short, the phrase 'inextricably intertwined' only describes the conclusion that a claim asserts an injury whose source is the state court judgment, a claim that is thus barred by Rooker–Feldman." Id.

Examples help illustrate this distinction. For instance, the Sixth Circuit found that Rooker-Feldman did not bar a plaintiff's claim that certain defendants committed fraud and misrepresentation during the challenged state-court proceedings because such a claim did not allege an injury caused by the state-court judgment itself but rather alleged an injury caused by actions of third-parties (i.e. not the state court's decision itself) in the course of the proceedings. See McCormick, 451 F.3d at 292. The Sixth Circuit has also found that a plaintiff's challenge to the defendants' improper conduct in a state custody proceeding was not an attack on the state court's judgment itself but rather a challenge to the "defendants' improper conduct in prohibiting [the plaintiff] from seeing his child." See Kovacic, 606 F.3d at 310 (referring to Pittman v. Cuyahoga Cty. Dep't of Children and Family Servs., 241 F. App'x 285, 288 (6th Cir. 2007)). In contrast, Rooker-Feldman barred a plaintiff's claim that challenged a county election board's refusal to tally disputed absentee ballots following a state-court judgment that invalidated those same ballots. McCormick, 451 F.3d at 394 (citing Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 87–88 (2d Cir. 2005)). Generally, "if a third party's actions are the product of a state-court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself." Id.

To the extent Plaintiff's claims challenge either the decisions of the Tennessee Court of Appeals, or Defendants' enforcement of provisions of the Billboard Act and associated regulations in conformity with the Tennessee Court of Appeals' decision, <u>Rooker-Feldman</u> bars his claims. Plaintiff's Response to Defendant's Motion suggests that his claims challenge the Tennessee Court of Appeal's 2019 decision dismissing Plaintiff's claims. (<u>See</u> ECF No. 16 ¶¶ 7–14.) His Response asserts that its decision misapplied the line of Supreme Court First Amendment precedent following <u>Reed v. Gilbert</u>, 135 S. Ct. 2218 (2015), that the decision violated the Supremacy Clause, and that the decision violated full faith and credit by failing to give effect to this Court's prior rulings. (<u>Id.</u> ¶¶ 9–10, 12–14.) So construed, Plaintiff's claims assert that the state-court decision itself is the source of Plaintiff's alleged constitutional injury. <u>McCormick</u>, 451 F.3d at 394–95. Plaintiff's claims challenging Defendants' enforcement of the provisions of the Billboard Act following the Tennessee Court of Appeals' decision are also barred by <u>Rooker-Feldman</u> because they are, in reality, claims challenging the judgment of the Tennessee Court of Appeals. <u>See id.</u> at 394.

Second, to the extent Plaintiff seeks a ruling from this Court that would, in effect, require the Tennessee Department of Transportation to comply with Tennessee zoning laws and enforce the Billboard Act's permitting regulations, his claims are barred by the Eleventh Amendment. <u>See</u> <u>Pennhurst State School v. Halderman</u>, 465 U.S. 89 (1984).

The Eleventh Amendment of the Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The interaction between the Eleventh Amendment and Article III of the Constitution ordinarily bars federal courts from permitting

private citizens' suits seeking money damages from either the states or state officials named in their official capacities. Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citing Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945)). However, the Eleventh Amendment does not bar federal courts from entertaining claims private citizens' suits against state officials acting in their official capacities that seek injunctive or prospective nonmonetary relief. See id. at 664; see also Ex Parte Young, 209 U.S. 123, 159 (1908).

Federal courts may only entertain such claims when they seek to ensure a state official's compliance with *federal law*. See Pennhurst, 465 U.S. at 106. The holding of Ex Parte Young, which permits federal courts to enjoin state officials from violating the U.S. Constitution or federal law, does not extend to situations where a "plaintiff alleges that a state official has violated *state* law." Id. (emphasis in original). The justification for allowing injunctive or prospective nonmonetary relief under Ex Parte Young is the "need to promote the vindication of federal rights"; this justification "disappears" when a claim for injunctive or prospective nonmonetary relief seeks to vindicate *state* rights secured by *state* law. Id. "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law." Id. Federal courts therefore lack jurisdiction to hear such claims. See In re Ohio Execution Protocol Litig., 709 F. App'x 779, 781, 783 (6th Cir. 2017).

The Eleventh Amendment bars the Court from exercising jurisdiction over Thomas's claims to the extent that Thomas seeks a ruling from this Court that enforces a state-court decision predicated on compliance with state law, or that requires Defendants to comply with Tennessee zoning and billboard-permitting statutes and regulation. (See ECF No. 1 at PageID 16.) The 2008 Tennessee Chancery Court decision referred to in Thomas's Complaint indicates

that the court ordered the Tennessee Department of Transportation to comply with Tennessee state zoning laws and various sections of Tennessee code. (See, e.g., ECF No. 1-4 at PageID 51–52.) Plaintiff seeks a court order declaring that "his applications to build signs at the property known as Steve Road were improperly denied because the Defendants failed to challenge the zoning of [the] property in a court as required by Chancellor Evans." (Complaint, ECF No. 1 at PageID 16.) The Court cannot vindicate rights secured by Tennessee code or by Tennessee state-court decisions by ordering Defendants to issue state zoning permits for Thomas's Steve Road billboards. To do so would violate fundamental principles of federalism and the Eleventh Amendment.

Although under Ex Parte Young the Court could enjoin Tennessee state officials from violating Plaintiff's federal constitutional rights, given that such an order would vindicate the supremacy of federal law, see Pennhurst, 465 U.S. at 106, as stated supra, Plaintiff's claims requesting such relief are time-barred. The events giving rise to his constitutional claims in connection with the Steve Road billboard occurred before 2008, and the claims accrued long before the filing of Plaintiff's Complaint. (See ECF No. 1-4 at PageID 51–52.)

### 4. Plaintiff's constitutional claims arising out of the Clear Channel Outdoor, Inc. billboard permits and Defendants' appeals of lower state-court decisions are time-barred.

The Court addressed Plaintiff's claims relating to the events surrounding the Tennessee Department of Transportation's issuance of billboard permits to Clear Channel Outdoor, Inc. in Thomas's 2013 federal case.[3] (See Thomas v. Schroer, No. 13-0287, ECF Nos. 223, 224). In

---

[3] Although a district court generally cannot consider documents outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss, the Court may consider a document that is "referred to in the pleadings and is integral to the claims . . . without converting a motion to dismiss into one for summary judgment." Commercial Money Ctr., 508 F.3d at 335–36 (6th Cir. 2007); see also Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by

his 2013 case, Thomas attempted to amend his complaint to assert claims related to the Clear Channel Outdoor permitting process. (Case No. 13-02987, ECF Nos. 223, 224.) Defendants' actions in connection with the Clear Channel Outdoor billboard permitting process occurred at the latest on or about April 27, 2016, the date on which Plaintiff filed his proposed amended complaint. (See Case No. 13-2987, ECF No. 224 ¶¶ 119–120.) Plaintiff's Complaint in this case was therefore filed well after the running of the applicable one-year statute of limitations. See supra Sec. III.1. The fact that Thomas attempted to amend his Complaint also demonstrates that he was alerted to protect his rights long before the filing of the instant case. (Id.) These claims are therefore time-barred.

### 5. Plaintiff's Fifth Amendment Takings Clause claims are time-barred.

Plaintiff asserts that the inverse-condemnation actions brought by the State against his Perkins Road, Kate Bond Road, and Fayette County billboards violated the Takings Clause of the Fifth Amendment. (See Complaint, ECF No. 1 ¶ 8, PageID 16.) Plaintiff relies on the Supreme Court's recent decision in Knick v. Township of Scott, 139 S. Ct. 2162 (2019), for the proposition that he can now assert his Fifth Amendment takings claims. (Id. ¶ 8.)

The Fifth Amendment's Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. Prior to Knick, a plaintiff was required to seek "just compensation under state law in state court" before bringing

---

reference elsewhere in the same pleading or in any other pleading or motion.). The Court may take judicial notice of filings from Thomas's prior federal court proceedings because their authenticity cannot reasonably be questioned. See Fed. R. Evid. 201(b). Thomas's Complaint specifically references his 2013 federal case, and documents filed in that case are public records integral to his current claims. See Commercial Money Ctr., 508 F.3d at 336 ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."); see also Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (finding that state administrative and court documents referenced in the pleadings can be considered by a district court reviewing a Rule 12(b)(6) motion because "[c]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies" when considering a Rule 12(b)(6) motion). (Complaint, ECF No. 1 ¶ 8.)

an action under § 1983 in federal court. <u>Knick</u>, 139 S. Ct. at 2169 (quoting <u>Williamson Cty.</u>

<u>Reg'l Planning Comm'n v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 194 (1985)). The

Court in <u>Knick</u> abrogated this "state-litigation requirement," allowing a property owner to bring

a "claim for a violation of the Takings Clause as soon as a government takes his property for

public use without paying for it." <u>Id.</u> at 2170.

      If Thomas were to assert a new § 1983 Takings Clause claim following <u>Knick</u>, he would

not be required to exhaust his Tennessee administrative remedies before coming to federal court.

<u>Knick</u>, however, does not retroactively apply to Thomas's prior takings claim. <u>See</u> <u>Harper v.</u>

<u>Virginia Dep't of Taxation</u>, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal

law to the parties before it, that rule is the controlling interpretation of federal law and must be

given full retroactive effect in all cases *still open on direct review* . . . ." (emphasis added)); <u>see</u>

<u>also</u> <u>Déjà vu v. Metro Gov't of Nashville and Davidson Cty.</u>, 421 F.3d 417, 420–21 (6th Cir.

2005) (explaining that changes in law announced by the Supreme Court do not apply

retroactively to collateral attacks on final judgments, to cases in which the parties have exhausted

all appellate options, and to cases in which the deadline for filing a timely appeal has lapsed).

      Even if <u>Knick</u> retroactively applied to Thomas's claims, his takings claims would still be

time-barred. As stated <u>supra</u>, the statute of limitations for § 1983 claims are determined by

reference to state law. <u>Kato</u>, 549 U.S. at 387. The statute of limitations for Fifth Amendment

takings claims is one year. Tenn. Code Ann. § 28-3-104(a)(3); <u>see also</u> <u>Eidson</u>, 510 F.3d at 634

(finding that the statute of limitations for all § 1983 actions brought in the State of Tennessee is

one year). As far back as December 2013, Plaintiff attempted to assert these same claims in his

prior federal case. (Case No. 13-2987, ECF Nos. 1, 12-1, 45.) The events giving rise to these

claims therefore must have occurred prior to 2013, making any such claims time-barred.

**IV.     Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.

Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.  Because the Court now

dismisses all of Plaintiff's claims, all outstanding motions in this case are **DENIED AS MOOT**.

**SO ORDERED**, this 31st day of March, 2020.

 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE