# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. THOMAS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE; CLAY ) <br> BRIGHT, CURRENT COMMISSIONER ) <br> OF TENNESSEE DEPARTMENT OF ) <br> TRANSPORTATION, in his official ) <br> capacity; JOHN SCHROER, FORMER ) <br> COMMISSIONER OF TENNESSEE ) <br> DEPARTMENT OF TRANSPORTATION, ) <br> in his individual capacity; JOHN ) <br> REINBOLD, in his individual capacity; ) <br> PATTI BOWLAN, in her individual ) <br> capacity; and SHAWN BIBLE, in her ) <br> individual capacity, ) <br> ) <br> Defendants. ) | Case No. 2:19-cv-2427-JPM-tmp |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff William H. Thomas's April 7, 2020 Motion for Reconsideration and Clarification of Order ECF No. 54. (ECF No. 56.)  Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 60(b) to reconsider and "clarify the scope of" the Court's Order Granting Defendants' Motion to Dismiss, which was entered on March 31, 2020. (ECF No. 54.)  Plaintiff asserts that his Complaint did not seek review of the various Tennessee Court of Appeals' opinions dismissing his state court proceedings against Defendants. (ECF No. 56 at Page ID 664.)  Plaintiff also asserts that his state and federal court proceedings, which "commenced in 2007 and continued to 2019[,] were a single proceeding and were not

decided on the <u>merits</u> and <u>dismissed with prejudice</u>." (<u>Id.</u> (emphasis in original).) The constitutional issues raised by these proceedings, Plaintiff asserts, remain "open for further judicial review by this Court which has subject matter jurisdiction." (<u>Id.</u>)

Plaintiff also asserts that he "seek[s] review of [the Tennessee Department of Transportation's] actions along with its representatives in advocating that [the Tennessee Department of Transportation] was not bound by this Court['s] orders even though [it] was a party to such orders." (<u>Id.</u> at PageID 668.) Plaintiff alleges that the several appeals filed by Defendants and its counsel in Thomas's state proceedings violated his constitutional rights. (<u>Id.</u>) Plaintiff seeks to "have this Court determine the applicability of its rulings, as affirmed by the Sixth Circuit, to the parties." (<u>Id.</u>) His Motion appears to assert that Tennessee state courts are required to hear his constitutional claims under the Supreme Court's decision in <u>Felder v. Casey</u>, 487 U.S. 131 (1988). (<u>Id.</u> at PageID 670.) Finally, Plaintiff argues that the Court should have allowed him to amend his complaint to assert additional constitutional claims alleging that the Tennessee Department of Transportation's collection of annual renewal fees in connection with the Tennessee Billboard Act violated Plaintiff's constitutional rights. (<u>Id.</u> at PageID 671.)

Defendants filed their Response on April 13, 2020. (ECF No. 58.) Defendant argues that Plaintiff cannot seek relief under Rule 60(b), as he is attempting to use Rule 60(b) to relitigate arguments previously decided by the Court. (<u>Id.</u> at PageID 701.)

For the reasons set forth below, the Motion for Reconsideration is **DENIED**.

### I.     BACKGROUND

####      A.     Factual and Procedural Background

The factual and procedural background of this case can be found in the Court's Order Granting Defendants' Motion to Dismiss. <u>See</u> <u>Thomas v. Tennessee</u>, No. 19-cv-2427-JPM-tmp,

2020 WL 1545884, at *1–3 (W.D. Tenn. Mar. 31, 2020).  (ECF No. 54.)  For purposes of this Order, the Court adds that Plaintiff filed a Second Motion for Leave to File an Amended Complaint on September 27, 2019.  (ECF No. 30.)  In the Motion, Plaintiff sought to add an additional claim related to Defendants' collection of annual renewal fees under the Tennessee Billboard Act from the years 2015 to 2019.  (Id. at PageID 257.)  Plaintiff asserted that "the collection of such annual renewal fees in the years 2015 [through] 2019 was illegal and that the Defendant, [Tennessee Department of Transportation] was on notice as early as 2015 that such fees were illegal."  (Id. at PageID 268.)  Plaintiff asserted that the Court's Order in Thomas v. Schroer, 248 F. Supp. 3d 868 (W.D. Tenn. 2017), suggested that the collection of such fees was unconstitutional.  (Id. at PageID 267.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."  Fed. R. Civ. P. 60(b).  The Rule provides six grounds for relief from a final judgment: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)–(6).

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"  Blue Diamond Coal Co. v. Trustees of UMWA

Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001) (quoting Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)). Rule 60(b)(6) only applies in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). Rule 60(b)(6) relief is narrow because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." Blue Diamond Coal, 249 F.3d at 524 (quoting Olle, 910 F.2d at 365) (internal quotation marks omitted). A motion under Rule 60(b)(6) should only be granted in the "unusual and extreme situations where principles of equity *mandate* relief." Olle, 910 F.2d at 365 (emphasis in original). When considering a Rule 60(b)(6) motion, the court must engage in a "case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009) (quoting Blue Diamond Coal, 249 F.3d at 529).

**III.   DISCUSSION**

The Court will not disturb its decision to dismiss Plaintiff's Complaint. The Court sees no reason to reconsider its findings that Plaintiff's claims were either time-barred, barred by the Rooker-Feldman Doctrine, or barred by the Eleventh Amendment. See Thomas, 2020 WL 1545884, at *5–11.

Plaintiff also cannot use Rule 60(b) to relitigate his case. Rule 60(b) is not a substitute for an appeal, nor can the Rule be used to rehash decided issues. See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."). Plaintiff cannot relitigate his case solely based on his assertion that his

4

claims are timely, nor may Plaintiff protract this litigation by recasting his now-dismissed claims.

The Court recognizes, however, that Plaintiff is proceeding *pro se* in this case. The Court is required to construe liberally his motions and pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). The Court will consider the merits of Plaintiff's arguments, which the Court construes to be as follows: (1) that the Court improperly denied Plaintiff's motion for leave to add an additional claim asserting violations of his constitutional rights; and (2) that the Court improperly dismissed his Complaint because he sought to challenge the Tennessee Department of Transportation's and Defendants' litigation conduct in his various state court proceedings. (See ECF No. 56.)

  A. *Plaintiff's Second Motion for Leave to Amend his Complaint would be futile and was properly dismissed.*

Federal Rule of Civil Procedure 15(a) allows litigants to amend their pleadings before trial. Rule 15(a)(1) allows a plaintiff to amend their complaint "as a [m]atter of [c]ourse" if the amended complaint is filed within 21 days of serving the initial complaint, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). Plaintiff filed his Motions for Leave to Amend over 21 days after Defendants filed their Motion to Dismiss and could not amend his complaint as a matter of course. (See ECF Nos. 19, 30.) Plaintiff could only amend his complaint with leave of court or with the written consent of Defendants. Fed. R. Civ. P. 15(a)(2). Given that Defendants declined to give

5

written consent to his proposed amendment (ECF No. 30 at PageID 269), Plaintiff was required to seek the Court's leave to amend his Complaint.

Although Rule 15(a)(2) mandates that courts "freely give leave to amend when justice so requires," the Rule is not without its limits. Courts consider several factors when deciding whether to grant leave to amend under Rule 15(a)(2): (1) "undue delay"; (2) "bad faith in filing the motion"; (3) "repeated failures to cure previously-identified deficiencies"; (4) "futility of the proposed amendment"; and (5) "lack of notice or undue prejudice to the opposing party." Knight Capital Partners Corp. v. Henkel AG & Co., KGaA, 930 F.3d 775, 786 (6th Cir. 2019) (citing Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 805 (6th Cir. 2005)). An amendment would be "futile" if it "could not withstand a Rule 12(b)(6) motion to dismiss." Parchman v. SLM Corp., 896 F.3d 728, 738 (6th Cir. 2018) (quoting Beydoun v. Sessions, 871 F.3d 459, 469 (6th Cir. 2017)) (internal quotation marks omitted).

It would be futile to allow Plaintiff to amend his Complaint. His new claim, that the Tennessee Department of Transportation's collection of annual permitting fees is unconstitutional, fails to state a claim. Plaintiff asserts that this Court's decision in Thomas v. Schroer "[put] Defendant [Tennessee Department of Transportation] on notice that certain provisions of the Billboard Act were likely unconstitutional." (ECF No. 30 ¶ 9.) Plaintiff alleges that these fees are unconstitutional because the Court has declared the Tennessee Billboard Act unconstitutional. (Id. ¶ 8.)

The Court's Order and the Sixth Circuit's decision in Thomas v. Bright, 937 F.3d 721 (6th Cir. 2019), did not render the Tennessee Billboard Act facially unconstitutional. The Court's Order only addressed the issue before it, "whether the removal of his billboards under the Billboard Act violated his First Amendment rights." Schroer, 248 F. Supp. 3d at 875. The

Court made clear that Thomas had not "alleged the Billboard Act is unconstitutional in all its applications, or even unconstitutional as to a substantial number of applications." Thomas v. Schroer, No. 13-cv-02987-JPM-cgc, 2017 WL 6489144, at *10 (W.D. Tenn. Sep. 20, 2017). As such, the permanent injunction issued by the Court only prohibited "the enforcement of the Billboard Act as to Thomas's Crossroads Ford sign," and "a permanent injunction against the enforcement of the Billboard Act as to any of Thomas's other signs is not warranted." Id. The Sixth Circuit also explained that the Billboard Act was only unconstitutional "as applied to the Crossroads Ford billboard sign." Bright, 937 F.3d at 727.

Plaintiff's challenge would therefore only be valid if he was challenging the collection of application fees as to the Crossroads Ford billboard. His amendment "incorporate[d] verbatim" the facts alleged in his Complaint (ECF No. 30 ¶ 4), but Plaintiff's Complaint does not seek to enforce Defendants' compliance with this Court's Order *as to the Crossroads Ford billboard*. (See Complaint, ECF No. 1 ¶¶ 8, 31–47; PageID 15–16.) Because the allegedly violating renewal fees would only apply to Thomas's billboards named in his Complaint, the Court's Order does not serve as a basis for finding unconstitutional the State's enforcement of its annual permitting fees. Moreover, to the extent Thomas seeks to extrapolate from this Court's Order that the enforcement of the Billboard Act as applied to all his billboards is facially unconstitutional, his claim would rehash an argument that the Court decided in 2017. See Schroer, 2017 WL 6489144, at *10.

Plaintiff also provides only conclusory allegations to support his claim and fails to state a claim even under the liberal pleading standards afforded *pro se* litigants. Plaintiff provides no basis for why the collection of these annual fees (which the Tennessee Department of Transportation admits are no longer being collected by the State (see ECF No. 30-1)) violate his

7

constitutional rights.  (ECF No. 30 ¶ 9.)  Because Thomas provides no constitutional basis for these claims, they cannot withstand a motion to dismiss.  The Motion was therefore properly dismissed as futile.

> B.     *Plaintiff's claims that Defendants violated this Court's Order and Permanent Injunction by defending against lawsuits initiated by Plaintiff in Tennessee state court are without merit.*

Plaintiff claims that the Tennessee Department of Transportation and its lawyers were engaged in a conspiracy to violate Plaintiff's rights, and that Defendants' violated the Court's Order by arguing in Plaintiff's state court proceedings that the Tennessee state courts were not bound to follow this Court's 2017 Order.  These claims fail for several reasons.

First, it is a generally accepted maxim that state lower courts, intermediate appellate courts, and supreme courts are only bound by the decisions of the United States Supreme Court and are not bound to follow (and may, in fact, openly disagree with) the decisions of federal appellate or district courts on questions of constitutional law.[1]  See Surrick v. Killion, 449 F.3d 520, 535 (3d Cir. 2006) (federal lower court decisions do not bind state court decisions, even when those decisions address a question of federal law); see also Freeman v. Lane, 962 F.2d 1252, 1258 (7th Cir. 1992) ("[T]he Supremacy Clause did not require the Illinois courts to follow Seventh Circuit precedent interpreting the Fifth Amendment."); DeVargas v. Montaya, 796 F.2d 1245, 1254 (10th Cir. 1986), reversed on other grounds by Newcomb v. Ingle, 827 F.2d 675, 678 (10th Cir. 1987) ("[A] district court decision would not be binding on the New Mexico courts and plaintiff would not be entitled to rely thereon.").  The Court cannot find as a matter of law that the State of Tennessee and Defendants violated Plaintiff's constitutional rights by arguing

---

[1] This proposition is also accepted by legal scholars.  See, e.g., Anthony J. Bellia, State Courts and the Interpretation of Federal Statutes, 59 VAND. L. REV. 1501, 1506 (2006) ("Unless and until the Supreme Court interprets a federal statute differently, state court judgments can constitute the final word on the meaning of federal law within a state court system, as the courts of many states do not consider themselves bound to follow the decisions of lower federal courts on questions of federal law.").

that Tennessee state courts are not bound by this Court's and the Sixth Circuit's decisions which found the Tennessee Billboard Act unconstitutional as applied to Plaintiff's Crossroads Ford billboard. Defendants were asserting good faith arguments based on legitimate and well accepted principles of federalism; finding such conduct unconstitutional would impermissibly enlarge the power of the federal courts vis-à-vis state courts.

Second, the Court is not empowered to enjoin or prevent the State of Tennessee and Defendants from defending against suits filed by Plaintiff in Tennessee state courts now or in the future. As stated supra, the Court can only enforce its judgment to prevent the State's enforcement of the Billboard Act as applied to Thomas's Crossroads Ford billboard. It cannot enforce its Order to prevent the State from enforcing provisions of the Billboard Act with respect to Plaintiff's other Memphis or Shelby County billboards.[2] For example, the Court could not enforce the State's compliance with the 2017 Order with respect to the Kate Bond billboard mentioned in Thomas's Complaint because that billboard was outside of the scope of the Court's Order. See Schroer, 248 F. Supp. 3d at 875.

Even assuming the Order did apply to Plaintiff's other billboards, the Anti-Injunction Act bars the Court from enjoining the State of Tennessee and Defendants from asserting certain defenses against suits initiated by Thomas in state court. See 28 U.S.C. § 2283. The Anti-Injunction Act bars federal district courts from enjoining ongoing state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[3] Id. The Act has been interpreted by the Supreme Court to

---

[2] The Court, however, does not pass judgment on whether the Tennessee Billboard is unconstitutional as applied to other billboards owned by Plaintiff, although it may well be. The Court only clarifies that its 2017 Order and Permanent Injunction did not apply as broadly as Plaintiff suggests.

[3] It cannot be contended that Plaintiff's requested relief, that the Court find that the State and its counselors continue to violate his constitutional rights by challenging the state courts' jurisdiction to hear his § 1983 claim, falls within the second exception to the Anti-Injunction Act. This case does not involve parallel state and federal in rem proceedings, nor was it removed from state court. See Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 641–42

9

impose "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." Martingdale LLC v. City of Louisville, 361 F.3d 297, 302 (6th Cir. 2004) (quoting Atlantic Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs, 398 U.S. 281, 286–87 (1970)).

It is true that claims brought under § 1983 fall within the Anti-Injunction Act's "expressly authorized" exception. Mitchum v. Foster, 407 U.S. 225, 243 (1972); see also Gottfried v. Med'l Planning Servs., Inc., 142 F.3d 326, 329 (6th Cir. 1998) (recognizing the Mitchum v. Foster exception to the Anti-Injunction Act for § 1983 claims). Plaintiff, however, has not made a showing that he is likely to succeed on his constitutional claims, that is, that the State of Tennessee and Defendants violated his constitutional rights by continuing to assert well established principles of federalism in defense of state court suits filed by Plaintiff. See Caughorn v. Phillips, 981 F. Supp. 1085, 1087 (E.D. Tenn. 1997) ("While 42 U.S.C. § 1983 falls within the 'expressly authorized by Act of Congress' exception provided in the Anti-Injunction Act, the plaintiff here has neither pleaded with clarity a cause of action under § 1983 nor made a showing that he is likely to succeed on the merits of a § 1983 claim against either the defendant assistant attorney general or the defendant chancellor." (internal citations omitted)); see also Johnson v. Ohio, 166 F. Supp. 3d 931, 935 (S.D. Ohio Feb. 18, 2016) (dismissing request for injunctive relief under § 1983 to stay ongoing enforcement proceedings in state court as unconstitutional).

Moreover, principles of equity, comity and federalism may still operate to bar such relief, even if authorized by the Anti-Injunction Act. See Mitchum, 407 U.S. at 243 ("In so concluding,

---

(1977) ("We have never viewed parallel in personam actions as interfering with the jurisdiction of either [the state or federal] court."); see also In re Life Invs. Co. of Am., 589 F.3d 319, 330 (6th Cir. 2009) ("[T]he 'in aid of jurisdiction' exception applies only in 'two scenarios: where the case is removed from the state court, and where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does.'" (quoting Martingdale, 361 F.3d at 302)).

we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding."). Plaintiff alleges that the State of Tennessee and its counsel violated his constitutional rights when they argued against the enforcement of this Court's Order in state court proceedings initiated by Plaintiff. (See ECF No. 56 ¶¶ 12–13, 15, 19.)  Finding such actions unconstitutional would run afoul of the principles of equity, comity, and federalism, given that Plaintiff's continued state court proceedings involved the State of Tennessee's enforcement of a statute that is matter of significant public interest.  See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434 (1982) ("Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)); see also Caughorn, 981 F. Supp. at 1087 (finding principles of comity, equity, and federalism "weigh heavily against enjoining a Tennessee assistant district attorney general and a Tennessee chancellor from performing their respective functions").  As the Supreme Court has stated, a federal court does not have the inherent authority to "ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear."  Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 149 (1988) (quoting Atl. Coast Line, 398 U.S. at 294).  Plaintiff has every opportunity to raise these concerns in his state court proceedings, and nothing suggests that Tennessee courts are ill-prepared to handle these challenges.  See id. at 150.

Plaintiff's Motion for Reconsideration would also have the effect of requiring the State and Defendants to comply with the Court's Order whenever Plaintiff files a separate suit in state court.  Plaintiff's claims do not fall within the "relitigation" exception to the Anti-Injunction Act.

11

See 202 Monroe, LLC v. Sower, 850 F.3d 265, 271–72 (6th Cir. 2017). The third exception to the Anti-Injunction Act, that a district court may enjoin state court proceedings "to protect or effectuate its judgments" (otherwise known as the "relitigation exception") "is intended to implement 'well-recognized concepts of *res judicata* and collateral estoppel.'" Id. at 271 (quoting Chick Kam Choo, 486 U.S. at 147). For the relitigation exception to apply, the "claim or issue raised in state court must have been previously presented to and actually decided by a federal court," and the parties to the state court proceeding "must be bound by the prior federal judgment." Id. at 271–72.

It is not clear that these state court proceedings, initiated by Plaintiff, would necessarily involve issues "previously presented to and actually decided by a federal court." As stated supra, the Court's Order only enjoined the Tennessee Department of Transportation from enforcing the Tennessee Billboard Act as applied to Plaintiff's Crossroads Ford billboard. It did not prevent the State's enforcement of the Act with respect to Plaintiff's other billboards, which Plaintiff appears to assert in his Complaint. (See generally ECF No. 1.) Moreover, the Court did not address the issues raised by the Tennessee Department of Transportation and ruled on by the Tennessee Court of Appeals in its recent opinions in Thomas's state court cases, that is, whether Tennessee courts have jurisdiction to hear Thomas's claims. (See ECF No. 56 at PageID 667.) It would be inappropriate to enjoin future state proceedings initiated by Thomas against Defendants on grounds that this Court's Order bars the State's enforcement of the Tennessee Billboard Act with respect to all of Plaintiff's billboards. See Chick Kam Choo, 486 U.S. at 148 (cautioning that the "actually decided" prong should be narrowly construed); see also 202 Monroe, 850 F.3d at 273 ("[T]his case differs from those where we have applied the relitigation

exception—those where the state-court plaintiffs were seeking to litigate *an identical claim*." (emphasis added)).

Finally, despite his assertions to the contrary, Plaintiff appears to assert that the Tennessee state courts are required to entertain his claims under § 1983, and that the Tennessee courts erred in dismissing his case. (See ECF No. 56 ¶ 19.) As already stated by this Court, the Court cannot sit in appellate review of a state court decision to decide whether it properly dismissed his claims. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005); see also Thomas, 2020 WL 1545884, at *7–8.

In summary, the Court will not reconsider its decision. The Court cannot enjoin or find unconstitutional the good faith litigation conduct of Defendants and of State attorneys in ongoing state court proceedings between Plaintiff and Defendants. To do so would violate longstanding principles of federalism.

## IV.     CONCLUSION

For the reasons set forth above, the Court will **DENY** Plaintiff's Motion for Reconsideration.

**SO ORDERED**, this 9th day of June, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE